1  John J. Edmonds (State Bar No. 274200)
   jedmonds@cepiplaw.com
2  COLLINS EDMONDS POGORZELSKI
   SCHLATHER & TOWER, PLLC
3  1851 East First Street, Suite 900
   Santa Ana, California 92705
4  Telephone: (951) 708-1237
5  Facsimile: (951) 824-7901

6  Attorneys for Plaintiff,
7  3CX, LTD.

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 3CX, LTD.,

12      Plaintiff,         C 12      4729
        v.                 **COMPLAINT FOR DECLARATORY
13                         JUDGMENT**

14 BRANDYWINE COMMUNICATIONS
15 TECHNOLOGIES, LLC,

16      Defendant.

17

18      Plaintiff 3CX, Ltd. ("3CX"), for its complaint against Defendant Brandywine

19 Communications Technologies, LLC ("BRANDYWINE"), alleges as follows:

20              **NATURE OF THIS ACTION**

21      1.      This action arises under 28 U.S.C. §§ 1331, 2201 and 2202, and the United States

22 Patent Laws, 35 U.S.C. § 1 et seq.

23      2.      3CX brings this action seeking a declaration that (1) 3CX does not infringe U.S.

24 
25 Patent No. 5,881,142 (the " '142 patent"), and (2) that the '142 patent is invalid under one or more

26 sections of 35 U.S.C. § 100 et seq.

27

28

**THE PARTIES**

3.     3CX is a foreign company organized under the laws of Cyprus with its principal place of business at Block B, Office 303, Engomi Business Center, 1, 28th October Street, 2414 Nicosia, Cyprus.

4.     On information and belief, BRANDYWINE is a Delaware corporation with its principal place of business at 1612 Mt. Pleasant Road, Villanova, Pennsylvania 19085. On information and belief, BRANDYWINE is a patent holding company that is in the business of enforcing patent rights through the filing of various lawsuits.

**JURISDICTION AND VENUE**

5.     This declaratory judgment action arises under the patent laws of the United States, 35 U.S.C. § 100 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, because an immediate and substantial controversy exists in this District between 3CX and BRANDYWINE with respect to whether any 3CX products infringe the '142 patent. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action arising under the Patent Act.

6.     This Court has personal jurisdiction over BRANDYWINE because BRANDYWINE has purposefully directed its activities at residents of the State of California and this District, *inter alia*, through attempting to interfere with 3CX's business activities in California, falsely informing at least one of 3CX's resellers in this District that 3CX's products are infringing the '142 patent, threatening that California reseller with a suit for patent infringement for selling 3CX's products, and seeking to enlist that California reseller to take action against 3CX. This action arises out of and relates to such activities, and this Court's assertion of personal jurisdiction over BRANDYWINE comports with fair play and substantial justice. In the alternative, on information and belief, this

- 2 -

Court has personal jurisdiction over BRANDYWINE because BRANDYWINE has maintained continuous and systematic contacts with the State of California and has purposefully availed itself of the benefits and protections of the laws of the State of California and this District.

7.     There is an actual and justiciable controversy between 3CX and     BRANDYWINE. Specifically, BRANDYWINE filed a complaint against a "3CX, Inc." in the United States District Court for the Middle District of Florida on or about November 21, 2011. That case is styled *Brandywine Communications Technologies, LLC v. 3CX, Inc.*, No. 6:11-cv-01857-CEH-DAB (the "Florida Action"), and is currently pending. In its Complaint in that case, BRANDYWINE alleges to be the assignee of the '142 patent and alleges that "3CX, Inc." has infringed the '142 patent by making, using, selling and offering for sale, services and products including the 3CX Phone System for Windows. The 3CX Phone System for Windows is a product of Plaintiff 3CX, Ltd., not "3CX, Inc." On information and belief, no entity named "3CX, Inc." exists, and BRANDYWINE brought suit against "3CX, Inc.," and improperly informed the United States District Court for the Middle District of Florida that it had served "3CX, Inc.," as part of a ruse to avoid the expenses and strict requirements of the Federal Rules for properly suing and serving 3CX, Ltd., a foreign entity located in Cyprus. BRANDYWINE has never sued or served 3CX, Ltd. in the Florida Action. Under such false pretenses and representations, BRANDYWINE's actions led to the clerk United States District Court for the Middle District of Florida to enter an "Entry of Default," in the Florida Action with regard to the fictitious "3CX, Inc." on or about February 16, 2012. Because 3CX, Ltd. was never sued or served in the Florida Action, such "Entry of Default," is invalid against it. Nevertheless, because BRANDYWINE has alleged in the Florida Action that the 3CX Phone System for Windows infringes the '142 patent, an actual and justiciable controversy exists between 3CX and BRANDYWINE.

8.    Moreover, an actual and justiciable controversy between 3CX and BRANDYWINE exists because BRANDYWINE has contacted 3CX's resellers and distributors, including at least one reseller in this District, attempting to interfere with 3CX's business activities in this District, falsely informing the reseller in this District that 3CX's products are infringing the '142 patent, falsely informing or implying to that reseller that the court in the Florida Action had entered a default against 3CX, threatening that reseller with a suit for patent infringement for selling 3CX's products, and seeking to enlist that reseller to take action against 3CX.

9.    Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because a substantial part of the events giving rise to 3CX's declaratory judgment claim occurred in this District and because BRANDYWINE is subject to personal jurisdiction in this District.

## COUNT I

### (Declaratory Judgment of Non-Infringement of the '142 Patent)

10.    3CX incorporates and realleges the preceding paragraphs as if set forth fully herein.

11.    BRANDYWINE claims to be the owner of all legal rights, title and interest in and to the '142 patent, including the right to enforce the '142 patent.

12.    BRANDYWINE has asserted that the 3CX Phone System for Windows infringes the '142 patent.

13.    3CX has not and does not infringe any valid claim of the '142 patent, directly or indirectly, literally or under the doctrine of equivalents.

14.    An actual and justiciable controversy exists between 3CX and BRANDYWINE regarding the infringement of the '142 patent.

15.    A judicial declaration of non-infringement of the '142 patent is necessary and appropriate in order to resolve this controversy.

- 4 -

16.    Therefore, 3CX is entitled to a declaratory judgment that it does not infringe any claim of the '142 patent.

### COUNT II

#### (Declaratory Judgment of Invalidity of the '142 Patent)

17.    3CX incorporates and realleges the preceding paragraphs as if set forth fully herein.

18.    Each of the claims of the '142 patent is invalid under Title 35 of the United States Code, including under one or more of 35 U.S.C. § 102, 103 and/or 112.

19.    An actual and justiciable controversy exists between 3CX and BRANDYWINE regarding the validity of the '142 patent.

20.    A judicial declaration of invalidity of the '142 patent is necessary and appropriate in order to resolve this controversy.

21.    Therefore, 3CX is entitled to a declaration that the claims of the '142 patent are invalid.

### PRAYER FOR RELIEF

WHEREFORE, 3CX respectfully requests that this Court enter judgment in its favor as follows:

a.    declaring that 3CX has not and does not directly infringed (whether literally or under the doctrine of equivalents) any valid claim of the '142 patent;

b.    declaring that 3CX has not induced and does not induce infringement of any valid claim of the '142 patent;

c.    declaring that 3CX has not and does not contributorily infringed any valid claim of the '142 patent;

d.    declaring that the claims of the '142 patent are invalid;

- 5 -

e.   awarding 3CX its costs and reasonable expenses to the fullest extent permitted by law;

f.   declaring that this case is exceptional pursuant to 35 U.S.C. § 285, and awarding 3CX its reasonable attorneys' fees and costs

g.   awarding 3CX of such other and further relief as the Court may deem just and proper.

Dated:   September 11, 2012                    Respectfully submitted,

                                               COLLINS, EDMONDS, POGORZELSKI,
                                               SCHLATHER & TOWER, PLLC

                                               /s/ John J. Edmonds
                                               John J. Edmonds

                                               Attorneys for Plaintiff,
                                               3CX, LTD.

- 6 -